IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT PATTERSON,                                    Civil No. 07-6252-AA
                                                     OPINION AND ORDER
        Plaintiff,

  vs.

STATE OF OREGON SCHOOL FOR THE
BLIND AND THE OREGON DEPARTMENT
OF EDUCATION,

        Defendants.
_____

John Michael Unfred
J. Michael Unfred, LLC
PO Box 327
Salem, Oregon 97308-0327
    Attorney for plaintiff

Hardy Myers
Attorney General
Stephen Dingle
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4700
    Attorneys for defendants

AIKEN, Judge:

Page 1 - OPINION AND ORDER

Defendants filed a motion for summary judgment asserting that they are entitled to judgment as a matter of law on plaintiff's claims. Defendants' motion is granted and this case is dismissed.

## BACKGROUND

Plaintiff brings the following three claims against defendants: (1) 42 U.S.C. §1983 against two State of Oregon agencies; (2) retaliation (initiating civil or criminal proceedings and participating in legislative matters), Or. Rev. Stat. 659A; and (3) wrongful discharge based upon plaintiff's alleged whistleblowing activities.

Plaintiff was hired by defendant Oregon State School for the Blind ("School") and began working for it on a probationary basis in August 2005. In late August 2005, plaintiff began to question the School's enrollment procedures, expenses and programming. In early September, plaintiff developed severe concerns about the School, specifically its operation and programming. Plaintiff spoke with a former employee who also had grave concerns who gave him the name of a Oregon Department of Education consultant, Mike Greenfield. Plaintiff contacted Greenfield who arranged a meeting with himself, plaintiff and Nancy Latini, an Assistant State Superintendent for Public Instruction. At that meeting, plaintiff expressed his concerns about the School regarding its operating costs, student count, staff/student ratio, and

programming focus among other items. Plaintiff made it clear at that meeting that he did not want to jeopardize his relationship with his supervisors.

In September 2005, plaintiff contacted Senator Doug Whitsett and again expressed his concerns about the School as noted above. Whitsett agreed with plaintiff's concerns and promised to investigate. In early October, plaintiff was contacted about meeting with Nancy Latini again. At that meeting, Don Ouimet, the Director of the Oregon School for the Blind, was also present. During that meeting plaintiff was instructed to follow the lines of authority and go to the Director with any concerns rather than other parties. Plaintiff understood this to be a reference to his decision to contact Senator Whitsett, who had contacted Latini. The Director drove plaintiff back to the School and stated that plaintiff "had to play on his team or it was not going to work out." Plaintiff believed this to be a threat based upon his conversation with the Senator.

In mid-September 2005, Ouimet began receiving reports about plaintiff's job performance. The problems were summarized as a lack of attention to detail, insufficient leadership, no follow up with staff and failure to understand policy. On October 6, 2005, Ouimet met with plaintiff and outlined his concerns. On October 7, 2005, Ouimet provided a memo to plaintiff memorializing their conversation of the previous day. In mid-

Page 3 - OPINION AND ORDER

November 2005, Ouimet removed plaintiff from service because he demonstrated an inability to lead the School program, inability to manage logistical details and carry out his responsibilities relative to Individualized Education Programs.

Plaintiff alleges that his conversation with Senator Whitsett was a primary factor in the formation of an Oregon Legislature interim committee to review various issues related to the School and the Oregon School for the Deaf. Defendants contend that the committee was formed as a result of a budget note from the 2005 Oregon Legislature attached to the Department of Education's 2005-07 budget. Specifically, the Legislature asked the Department of Education to consider cost cutting measures that involved the possible closure of the School, or the consolidation of the School with the Oregon School for the Deaf.

In January 2006, plaintiff was asked to testify before the interim committee. He testified that the School was wasteful, overloaded with staff, had too few students, and had old buildings that were very expensive to maintain. Plaintiff did not testify that he believed he been terminated improperly, or that he was removed from his job because he was a "whistleblower."

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

///
///

DISCUSSION

1. <u>42 U.S.C. § 1983 Claim</u>

Section 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Plaintiff cannot state a claim under § 1983 against either defendant State of Oregon School for the Blind or defendant Oregon Department of Education, directly or pursuant to respondeat superior theory, because the State of Oregon is not a "person," subject to suit under § 1983. The Supreme Court has held that neither States, State agencies, nor State officials acting in their official capacities are "persons" within the meaning of § 1983, and therefore cannot be sued for violation of civil rights under color of State law. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71 (1989). <u>See also</u>, <u>Lapides v. Bd of Regents</u>, 535 U.S. 613, 617 (2002)(State is not a "person" against whom a § 1983 claim for money damages might be asserted). Plaintiff fails to allege any specific allegations against any specific individual person. Therefore, plaintiff's first claim for relief is dismissed. Defendants are not "persons" for purposes of 42 U.S.C. § 1983.

///

Page 6 - OPINION AND ORDER

2. <u>Pendent State Law Claims</u>

I need not consider plaintiff's remaining state law claims alleged against defendants as I decline to exercise supplemental jurisdiction over those remaining claims. Title 28 U.S.C. § 1367 provides the basis for supplemental jurisdiction:

> Except as otherwise provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Subsection (c) of 28 U.S.C. § 1367 gives the court discretion to "decline to exercise" supplemental jurisdiction in various circumstances including when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

That is exactly the situation at bar. Here, defendants have filed a motion for summary judgment against plaintiff's federal claim, which the court has granted. Remaining, are state law claims against defendants. This court declines to exercise jurisdiction over any remaining state law claim. Therefore, this complaint is dismissed in its entirety.

## CONCLUSION

Defendants' motion for summary judgment (doc. 20) is granted. This case is dismissed and all pending motions are

denied as moot.

IT IS SO ORDERED.

Dated this ____ day of December 2008.

_____
Ann Aiken
United States District Judge

Page 8 - OPINION AND ORDER